IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00129-RLV
(5:98-CR-00125-RLV-9)

| | |
|---|---|
| HERMAN LEE TATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On November 18, 1998, Petitioner was convicted by a jury in the Western District of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, all in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of life imprisonment. (5:98-CR-00125, Doc. No. 143: Jury Verdict; Doc. No. 187: Judgment in a Criminal Case).

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit which was later dismissed on Petitioner's motion and without opposition from the Government. United States v. Tate, No. 99-4485 (4th Cir. filed Feb. 1, 2000) (unpublished).

On February 5, 2001, Petitioner filed a Section 2255 motion challenging his criminal judgment. The Government moved to dismiss the motion as being untimely under Section

1

2255(f) and the Court dismissed the motion after finding that it was in fact untimely. (5:01-CV-00014, Doc. No. 9). Petitioner filed a notice of appeal which the Fourth Circuit dismissed. United States v. Tate, No. 04-6662 (4th Cir. filed Aug. 5, 2004) (unpublished). (Doc. No. 12). The Fourth Circuit denied Petitioner's petitions for rehearing and rehearing en banc. (Doc. No. 13).

On August 20, 2012, Petitioner filed the present Section 2255 motion contending that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner argues that he was erroneously sentenced as a career offender based on the Court's reliance on convictions which no longer qualify under the holding in Simmons.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner has previously filed a Section 2255 motion that was dismissed as being untimely. Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255.

2

Petitioner has also asked this Court to vacate his sentence pursuant to a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). Petitioner is still in custody, and his petition for a writ of *coram nobis* will be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of *coram nobis* is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right)

Signed: January 9, 2013

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge